■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH J. KEHN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 31, 1986, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree,

grand larceny in the third degree, criminal mischief in the third degree, and criminal possession of burglar's tools.

On January 31, 1986, in full satisfaction of his indictment, defendant was sentenced as a second felony offender upon his plea of guilty to 4 of the 5 counts alleged. His plea of guilty was entered to the crimes of burglary in the third degree, grand larceny in the third degree, criminal mischief in the third degree and criminal possession of burglar's tools, and was made upon a promise that he would not be sentenced as a persistent felony offender. Defendant was sentenced to concurrent terms of imprisonment of 3½ to 7 years on the first crime, 2 to 4 years on each of the next two crimes, and a 1-year definite sentence for the last crime, a class A misdemeanor.

On this appeal, defendant complains that the prosecution failed to notify him or his attorney of the Grand Jury proceedings pursuant to CPL 190.50 (5) (a); that County Court erred in its *Sandoval* ruling; and that the sentences imposed were harsh and excessive. We find no merit in any of defendant's claims.

As to the first claim, it was effectively waived by his plea of guilty *(see, People v Ferrara,* 99 AD2d 257, 259; *see also, People v Prescott,* 66 NY2d 216, 219, *cert denied* 475 US 1150). In regard to defendant's *Sandoval* claim, we find no abuse of County Court's discretion. Defendant had a long history of criminal activity. County Court ruled all convictions prior to 1975 and a 1979 charge of absconding from Federal parole inadmissible. However, it also found that Florida convictions in 1975 for entering and attempting to steal money from a bank and passing worthless checks, and a 1976 Florida conviction of grand larceny and escape, together with subsequent convictions of criminal possession of stolen property in 1980, reckless endangerment and burglary in the third degree in 1983, as indicating defendant's propensity to place his self-interest above society. The court ruled the convictions admissible against defendant if he elected to testify. We find no basis for reversal in this ruling.

Finally, in the circumstances and considering defendant's prior record, as well as the plea bargain which benefited defendant, we find the sentences imposed to have been a proper exercise of County Court's discretion. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.