■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD L. WHEELER, Appellant.—Mahoney, P. J. Appeal

from a judgment of the County Court of Warren County (Moynihan Jr., J.), rendered October 3, 1990, convicting defendant upon his plea of guilty of two counts of the crime of sodomy in the first degree.

In May 1989, defendant was arrested and charged with first degree sodomy based on the complaint of a seven-year-old boy. A second charge involving another minor was subsequently brought and defendant was eventually indicted on charges of two counts each of first degree sodomy and first degree sexual abuse (see, Penal Law § 130.50 [3]; § 130.65 [3]). Defendant subsequently pleaded guilty to two counts of sodomy in the first degree and was sentenced as a predicate felon to concurrent indeterminate prison terms of 6 to 12 years on each count.

On appeal, defendant initially argues that County Court improperly received preliminary hearing testimony from one of the minor victims whom defendant now alleges was incompetent to testify. By his plea of guilty, however, defendant has forfeited appellate review of this claim (see, People v Taylor, 65 NY2d 1, 5), inasmuch as it does not call into question the court's jurisdiction or raise issues of constitutional magnitude (see, People v Campbell, 73 NY2d 481, 486).

Defendant also contends that reversal is required because he was not provided notice, as required by statute (see, CPL 190.50 [5] [a]), that the allegations underlying certain counts in the indictment (specifically counts III and IV) would be presented to the Grand Jury jointly with the allegations prompting the indictment's remaining counts (I and II). Again, defendant's claim was effectively waived by his guilty plea (see, People v Kehn, 132 AD2d 778, 779, lv denied 70 NY2d 800; People v Ferrara, 99 AD2d 257, 259). We likewise find that defendant's challenges to County Court's denial of his motions to dismiss the indictment for insufficient evidence (see, People v Dunbar, 53 NY2d 868; People v Ali, 79 AD2d 974) and to sever certain counts in the indictment were also waived upon the plea of guilty entered by defendant (see, People v Taylor, supra).

Finally, we find no extraordinary circumstances herein to disturb defendant's sentence, which was within statutory limits.

Casey, Mikoll, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.