■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. TERENZI, Appellant. [870 NYS2d 534]—Carpinello, J.

Defendant was charged, by way of two felony complaints, with criminal possession of a weapon in the third degree and robbery in the first degree stemming from allegations that he forcibly stole money and drugs from an acquaintance. Following an arraignment, a preliminary hearing at which defendant represented himself because he was unable to secure a specific attorney and an initial plea offer that was rejected,* a grand jury handed up a four-count indictment charging assault in the second degree, robbery in the first and second degrees and criminal possession of a weapon in the fourth degree. Defendant eventually pleaded guilty to assault in the second degree in exchange for a sentence of five years in prison and five years of postrelease supervision. Prior to sentencing, he moved to

---

* Prior to presentment to the grand jury, defendant was offered a plea agreement whereby he would plead guilty to one count of assault in the second degree as a second felony offender in exchange for a recommended sentence of five years in prison and three years of postrelease supervision. As it turns out, the offer was illegal in that the only permissible term of postrelease supervision was five years (*see* Penal Law § 70.45 [2]).

withdraw the plea, alleging that he understood the agreed-upon sentence to include only three years of postrelease supervision. This motion, however, was withdrawn and County Court sentenced him in accordance with the negotiated plea. Defendant now appeals.

Defendant challenges the voluntariness of his plea on the ground that he was confused as to the duration of postrelease supervision. This contention, however, is unpreserved for this Court's review since defendant withdrew his motion to withdraw the plea and failed to move to vacate the judgment of conviction (*see People v Brown*, 10 AD3d 801, 802 [2004], *lv denied* 3 NY3d 739 [2004]; *People v Cook*, 252 AD2d 595, 595 [1998]; *People v La Boy*, 152 AD2d 866 [1989]). In any event, our review of the plea colloquy reveals full disclosure of the agreed-upon term of postrelease supervision and that the plea was entirely knowing, voluntary and intelligent.

Moreover, by pleading guilty, defendant forfeited the right to now argue that he was denied the right to counsel at the preliminary hearing (*see e.g. People v Hansen*, 95 NY2d 227, 230-233 [2000]; *People v Taylor*, 65 NY2d 1, 5-6 [1985]; *People v Fagan*, 53 AD3d 983, 984 [2008]; *People v Drake*, 38 AD3d 1009, 1011 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Harvey*, 227 AD2d 972, 972-973 [1996], *lv denied* 88 NY2d 1021 [1996]; *People v Wheeler*, 176 AD2d 1133 [1991], *lv denied* 79 NY2d 924 [1992]). Defendant also argues that he was denied the effective assistance of counsel because his former counsel failed to "challenge the legalities of [the] preliminary hearing" and failed to make a motion to either inspect the grand jury minutes and/or "dismiss or reduce" the indictment. These claims likewise do not survive his guilty plea since they do not directly involve the plea-bargaining process (*see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]).

Defendant's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.