◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON JONES, Appellant. [969 NYS2d 561]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered January 7, 2011, convicting him of assault in the first degree (two counts), burglary in the first degree (three counts), attempted robbery in the first degree (three counts), criminal possession of a weapon in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erred in denying, after a *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]), that branch of his omnibus motion which was to suppress his statement to law enforcement officials is without merit. The record establishes that the defendant knowingly and intelligently waived his rights under *Miranda v Arizona* (384 US 436 [1966]) prior to making his statement (*see People v Craft*, 104 AD3d 786 [2013]; *People v Capela*, 97 AD3d 760 [2012]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of the crime of criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record

here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Fortunate*, 70 AD3d 851 [2010]; *People v Madison*, 61 AD3d 777 [2009]).

After reviewing the record in its entirety, we are satisfied that the defendant received the effective assistance of counsel (*see People v Bald*, 54 NY2d 137 [1981]; *People v Myers*, 220 AD2d 461 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.