(February 27, 2014)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON JONES, Appellant. [981 NYS2d 465]—

Garry, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 21, 2011, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and robbery in the first degree.

In May 2009, a violent home invasion took place in Ulster County, followed several days later by another violent home invasion in Orange County. In a statement to police, defendant admitted that he lost a semi-automatic pistol while participating in the Orange County invasion. DNA evidence recovered from a pistol found at the scene linked him to the Ulster County invasion. An Ulster County grand jury charged him by super-

---

seding indictment with burglary in the first degree (three counts), robbery in the first degree (two counts), criminal use of a firearm in the first degree and assault in the second degree (two counts). He pleaded guilty to burglary in the first degree and robbery in the first degree in full satisfaction of the indictment and was sentenced to two concurrent 25-year prison terms, each followed by five years of postrelease supervision, to be served concurrently with the prison term imposed upon him for his Orange County conviction. Defendant appeals.

Defendant's claim that his guilty plea was involuntary in that it was coerced by County Court's alleged threat to sentence him illegally is unpreserved, as he withdrew his motion to withdraw his plea, and the record does not reveal that he moved to vacate the judgment of conviction (*see People v Carpenter*, 93 AD3d 950, 952 [2012], *lv denied* 19 NY3d 863 [2012]; *People v Terenzi*, 57 AD3d 1228, 1229 [2008], *lv denied* 12 NY3d 822 [2009]).[1] The narrow exception to the preservation rule is not implicated, as he made no statements during the plea allocution that were inconsistent with his guilt or negated any elements of the crimes to which he pleaded guilty (*see People v Leone*, 101 AD3d 1352, 1352-1353 [2012], *lv denied* 21 NY3d 913 [2013]). Had the claim been preserved, we would have found it unsupported by the record.

Defendant next contends that he received the ineffective assistance of counsel in that his attorney did not move to suppress his statement regarding the Orange County incident, allegedly forcing him to plead guilty, and then failed to obtain a favorable plea agreement. To the extent that they implicate the plea bargaining process, these claims are not waived by defendant's guilty plea (*see People v Mercer*, 81 AD3d 1159, 1160 [2011], *lv denied* 19 NY3d 999 [2012]), but they are nevertheless unpreserved, for the reasons discussed above (*see People v Feliciano*, 108 AD3d 880, 881 [2013]). In any event, we would have found no lack of meaningful representation. Defendant's counsel negotiated a favorable agreement for a prison term running concurrently to the Orange County sentence rather than consecutively (*see* Penal Law §§ 70.25 [2], [4]; 70.30 [1] [e] [iv]), and failure to make a single pretrial motion, or a motion with little chance of success, does not establish ineffective assistance

---

1. Defendant, pro se, wrote a letter to County Court asking to withdraw his plea on the ground of involuntariness. However, during extensive questioning thereafter, he told the court that he no longer wanted to withdraw the plea and confirmed that his decision to plead guilty was voluntary. When asked why he did not wish to withdraw the plea, he said, "Because I'm guilty."

(*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Gentry*, 73 AD3d 1383, 1384 [2010]).[2]

Defendant's sentence was not harsh or excessive. As previously noted, his sentence could have been imposed consecutively; County Court stated that it would have preferred a longer sentence but was imposing the sentence requested by the victims, who did not wish to relive at trial the traumatic experience of the home invasion. In view of defendant's inconsistent expressions of responsibility and remorse, his criminal history, and the violence of his offense—during which two victims were pistol-whipped and seriously injured while a three-year-old child was nearby—we find no abuse of discretion or extraordinary circumstances warranting modification in the interest of justice (*see People v Cancer*, 16 AD3d 835, 840 [2005], *lv denied* 5 NY3d 826 [2005]).

Lahtinen, J.P., McCarthy and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Defendant moved to suppress his statement in the Orange County prosecution. After that motion was denied, his Ulster County defense counsel declined to make another such motion. The Orange County judgment of conviction was later affirmed, and the Second Department specifically found that the suppression motion was properly denied (*People v Jones*, 108 AD3d 779, 779 [2013]).