Peters, EJ.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 7, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant pleaded guilty to an indictment charging him with criminal possession of a controlled substance in the fifth degree, upon the understanding that he would receive a sentence of probation so that he could work and attend college without interruption. County Court proved unwilling to impose a sentence of probation given defendant’s eventful criminal history and the fact that he quit his job prior to sentencing and, as a result, defendant withdrew his guilty plea. Defendant thereafter pleaded guilty a second time, accepting the commitment of County Court to sentence him to six months in jail to be followed by five years of probation. County Court imposed that sentence, and defendant now appeals.
We affirm. Defendant’s argument that County Court coerced *1343 him into pleading guilty is unpreserved due to his apparent failure to make an appropriate postallocution motion (see People v Jones, 114 AD3d 1080, 1081 [2014]; People v Feliciano, 108 AD3d 880, 881 [2013], lv denied 22 NY3d 1040 [2013]). Inasmuch as he made no statements during the plea allocution that were inconsistent with his guilt or negated any elements of the crime to which he pleaded guilty, the narrow exception to the preservation rule is not applicable (see People v Jones, 114 AD3d at 1081). In any event, County Court did not engage in coercive conduct by advising defendant of his sentence exposure or warning him that plea negotiations were “finished” once the case was placed upon the trial calendar (see People v Feliciano, 108 AD3d at 882; People v Rivera, 290 AD2d 730, 731 [2002]).
Lahtinen, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed.