*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    105091
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

DERRICK SMITH, Also Known
    as GS,
                        Appellant.
_____

Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

_____

        Brian M. Callahan, Schenectady, for appellant, and
appellant pro se.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered April 23, 2012, convicting
defendant upon his plea of guilty of the crime of manslaughter in
the first degree.

        Defendant was charged in an indictment with murder in the
second degree and two counts of criminal possession of a weapon
in the second degree.  After a jury trial had commenced, he
pleaded guilty to manslaughter in the first degree and waived his
right to appeal in exchange for a promised determinate prison
sentence of between 15 and 20 years.  County Court admonished
defendant that as long as he remained trouble free and "there's

no other issues between now and the sentencing as far as any accusations of tampering with witnesses . . . or interfering in any other cases," it would "consider that a big factor in getting [defendant] down towards the minimum end of the [plea bargain] range."

While awaiting sentencing, defendant was indicted on various counts of conspiracy alleging that he had conspired to murder certain witnesses who testified at his trial and to intimidate a witness in another criminal action. At sentencing, the People asserted that defendant violated the terms of the plea agreement and sought an enhanced sentence of 25 years in prison. Following a hearing, County Court denied the People's application and sentenced defendant, consistent with the terms of the plea agreement, to 20 years in prison followed by five years of postrelease supervision. Defendant appeals.

Defendant argues that, in sentencing him to the maximum allowable term of imprisonment under the plea agreement, County Court improperly considered unreliable and inaccurate information regarding his postplea conduct. Inasmuch as this claim amounts to a challenge to the procedures utilized in determining his sentence and does not implicate the legality of the sentence or the power of the court to impose it, defendant's valid waiver of the right to appeal precludes our review of such claim (see People v Callahan, 80 NY2d 273, 281 [1992]; People v Rahim, 78 AD3d 1240, 1241 [2010]; People v Hooten, 34 AD3d 941, 941 [2006]; People v Andre L., 18 AD3d 575, 576 [2005], lv denied 5 NY3d 850 [2005]; People v Hicks, 201 AD2d 831, 832 [1994], lv denied 83 NY2d 911 [1994]). Were we to consider the issue, we would find that the hearing conducted was sufficient to enable County Court to assure itself "'that the information upon which it base[d] the sentence [was] reliable and accurate'" (People v Naranjo, 89 NY2d 1047, 1049 [1997], quoting People v Outley, 80 NY2d 702, 712 [1993]; see People v Rollins, 50 AD3d 1535, 1536 [2008], lv denied 10 NY3d 939 [2008]).

To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea and, therefore, survives his valid appeal waiver, it is nonetheless unpreserved for our review inasmuch as the record does not reveal

that he made an appropriate postallocution motion (see People v Lohnes, 112 AD3d 1148, 1150 [2013]; People v Moses, 110 AD3d 1118, 1118 [2013]; People v Sczepankowski, 110 AD3d 1115, 1116 [2013]).  Defendant's contention that his plea was coerced is similarly unpreserved (see People v Ross, 117 AD3d 1342, 1342-1343 [2014]; People v Jones, 114 AD3d 1080, 1081 [2014]; People v Squitieri, 60 AD3d 1208, 1209 [2009], lv denied 13 NY3d 839 [2009]).  The narrow exception to the preservation rule is not implicated, as defendant did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt (see id.).  In any event, a review of the plea proceedings satisfies us that defendant's guilty plea was knowingly, voluntarily and intelligently made.

The remaining arguments advanced in defendant's pro se brief have been examined and found to be lacking in merit.

Rose, Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court