*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    105507
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

            v                              MEMORANDUM AND ORDER

LAMONT KEATON,
                         Appellant.
_____


Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.


_____


        Brent R. Stack, Valatie, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.


_____


Egan Jr., J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered September 11, 2012, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree.  The People recommended that defendant, a second
felony offender, be sentenced to a prison term of six years to be
followed by three years of postrelease supervision.  County Court
ultimately imposed the recommended sentence, and defendant now
appeals.

We affirm. Defendant contends that he was denied the effective assistance of counsel but, as he concedes, he did not preserve that issue by way of an appropriate postallocution motion (see People v Kerwin, 117 AD3d 1097, 1097-1098 [2014]). In any case, defense counsel entered into a stipulation in lieu of motions that provided for discovery and various pretrial hearings, and there is no indication that proceeding by that route affected defendant's decision to plead guilty (see People v Trombley, 91 AD3d 1197, 1200-1201 [2012], lv denied 21 NY3d 914 [2013]). Defense counsel went on to negotiate a plea agreement that significantly limited defendant's sentencing exposure, and defendant acknowledged during the plea colloquy that he had adequately discussed the terms of that agreement with counsel and was satisfied with counsel's performance. Accordingly, were this issue preserved, we would find that defendant received meaningful representation (see People v Jones, 114 AD3d 1080, 1081-1082 [2014], lv denied 24 NY3d 961 [2014]; People v Shurock, 83 AD3d 1342, 1344 [2011]). Finally, to the extent that defendant contends that counsel failed to adequately meet with him prior to the plea colloquy, this claim implicates matters outside of the record and, as such, is more properly the subject of a CPL article 440 motion (see People v Stroman, 106 AD3d 1268, 1271 [2013], lv denied 21 NY3d 1046 [2013]).

Peters, P.J., Stein, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court