## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: January 22, 2015                    105758

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

PAUL WILLIFORD,
                         Appellant.
_____

Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Joseph Nalli, Fort Plain, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A. Dwyer of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schenectady County (Milano, J.), rendered September 5, 2013, convicting defendant upon his plea of guilty of the crime of attempted burglary in the first degree.

        In satisfaction of a 16-count indictment, defendant pleaded guilty to one count of attempted burglary in the first degree and waived his right to appeal.  Pursuant to the plea agreement, County Court sentenced defendant as a second violent felony offender to a prison term of nine years, with five years of postrelease supervision.  Defendant appeals.

        Defendant challenges the voluntariness of both his plea and appeal waiver.  At the outset of the plea proceeding, County

Court stated the conditions of the guilty plea, including defendant's waiver of his right to appeal.  The record shows that defendant executed a written appeal waiver in open court with counsel present.  The waiver, in part, states that defendant has a right to appeal from a conviction following a plea and sentence, but as part of the plea agreement, he was waiving that right to appeal.  While defendant acknowleged that he was waiving "any and all rights and remedies . . . in connection with this case," this acknowledgment preceded defendant's review of the appeal waiver.  At no point did the court distinguish on the record the right to appeal from those rights forfeited upon a plea of guilty (see People v Lopez, 6 NY3d 248, 256 [2006]).  Nor was there any colloquy between the court, defendant and counsel concerning the appeal waiver.  As a result, there is no record confirmation that defendant actually understood the implications of the appeal waiver (see People v Bradshaw, 18 NY3d 257, 259-261 [2011]; People v Callahan, 80 NY2d 273, 283 [1992]).  Accordingly, we hold that the appeal waiver is unenforceable.

Having moved to withdraw his plea, defendant's challenge to the sufficiency of the allocution, claimed misunderstanding as to the plea terms and contentions of coercion are preserved for review (see People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]; People v Waters, 80 AD3d 1002, 1003 [2011], lvs denied 16 NY3d 858, 864 [2011]; compare People v Ross, 117 AD3d 1342, 1342-1343 [2014]).  During the allocution, County Court used the words "building" and "dwelling" interchangeably, despite the fact that burglary in the first degree requires entry into a dwelling (see Penal Law § 140.30), as opposed to entry into a building (see Penal Law §§ 140.20, 140.25).  In so doing, the court specified the actual address, and defendant admitted his intentions of stealing a weapon from the resident.  Since a dwelling means a building usually occupied by a person lodging overnight (see Penal Law § 140.00), the use of both terms did not negate an element of the charged offense (see People v Seeber, 4 NY3d 780, 781 [2005]).  Defendant entered the plea in consultation with counsel, and there is nothing in this record to call into question his admitted guilt.  As such, we reject defendant's contention that the allocution was insufficient (see People v Seeber, 4 NY3d 780, 781 [2005]).

As for defendant's professed confusion over the proposed sentence cap, the record shows that defendant rejected plea offers on July 11, 2012 and October 4, 2012 that included a proposed cap. During the October 25, 2012 plea proceeding, County Court expressly informed defendant that the maximum sentence for a plea to a charge of attempted burglary in the first degree, as a second violent felony offender, was 15 years, but that the offer was to cap the sentence at 10 years. When defendant continued to express uncertainty, the court and defense counsel engaged in an extensive explanation, specifying that the proposed determinate sentence would be within a range of 7 to 10 years, subject to the court's discretion. Defendant confirmed that he understood. Defendant's further claim that he was coerced into pleading guilty is belied by the record. He admitted that his plea was made voluntarily and without coercion, and that he was satisfied with counsel's representation, and we perceive nothing in this record to suggest otherwise. Accordingly, we conclude that defendant's plea was knowingly, intelligently and voluntarily made (see People v Oakes, 99 AD3d 1115, 1116 [2012], lv denied 20 NY3d 1013 [2013]).

Next, defendant maintains that County Court erred in denying his motion to suppress items seized from his vehicle, which included the victim's checkbook, contending that he was under the influence of drugs and incapable of consenting to the search. This claim may be raised following a guilty plea (see CPL 710.70 [2]). The People bear a heavy burden to establish that the consent was freely and voluntarily given based on the totality of the circumstances (see People v Gonzalez, 39 NY2d 122, 128-129 [1976]; People v Dobson, 285 AD2d 737, 738 [2001], lvs denied 97 NY2d 655, 658 [2001]). The detective who testified at the Mapp hearing stated that defendant was handcuffed to a desk during the interview and was read his Miranda warnings. Defendant verbally consented to having his vehicle searched and then, at the detective's request, signed the consent form. Defendant was indisputably in custody at this point and the detective conceded that he neither read the consent form to defendant nor advised him of his right to refuse to consent. These factors, however, do not preclude a finding of voluntary consent (see People v Gonzalez, 39 NY2d at 128). The detective acknowledged that defendant "seemed to be coming off of whatever

he was on," but also explained that defendant was "pretty fluent in what he was saying" and "definitely not out of it to the point where he didn't understand."  After watching a video of the interview, County Court determined that defendant was coherent and that the manner in which the detective asked for defendant's permission to search his vehicle was not coercive (see People v Adams, 26 NY2d 129, 137-138 [1970], cert denied 399 US 931 [1970]; People v Williams, 40 AD3d 1364, 1365 [2007], lv denied 9 NY3d 927 [2007]; People v Dlugos, 237 AD2d 754, 756 [1997], lv denied 89 NY2d 1091 [1997]).  Viewed in totality, and according deference to the factual findings of the suppression court, we find that County Court did not abuse its discretion in finding that the consent was freely given.

Finally, given defendant's extensive criminal history and the fact that his sentence was actually less than the sentence agreed to as part of the plea bargain, the sentence was not an abuse of discretion and we do not find extraordinary circumstances warranting a reduction thereof (see People v Urbina, 1 AD3d 717, 718 [2003], lv denied 1 NY3d 602 [2004]).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court