*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 30, 2015                    105803
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RUFFEL PHIPPS,
                        Appellant.
_____

Calendar Date:    March 25, 2015

Before:   Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

_____

        Cappy Weiner, Kingston, for appellant, and appellant
pro se.

        James R. Farrell, District Attorney, Monticello (Katy
Schlichtman of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (Labuda, J.), rendered October 2, 2012, convicting
defendant upon his plea of guilty of the crimes of rape in the
third degree and criminal sale of a controlled substance in the
third degree.

        Defendant was charged, in one indictment, with rape in the
third degree and endangering the welfare of a child and,
approximately two months later, in a separate indictment, with
two counts of criminal sale of a controlled substance in the
third degree.  Thereafter, defendant pleaded guilty, in
satisfaction of both indictments, to rape in the third degree and
one count of criminal sale of a controlled substance in the third

degree and signed two appeal waivers. Following defendant's guilty plea, but prior to sentencing, he moved, pro se, to withdraw his plea and for the assignment of new counsel. County Court denied defendant's motion to withdraw his guilty plea, but assigned defendant a new attorney. Defendant subsequently moved again, this time through counsel, to withdraw his guilty plea contending, among other things, that he "will be deported as a result of this conviction." However, defendant thereafter withdrew said motion, as a result of which it was dismissed by County Court. Defendant was then sentenced, as a second felony offender, to an aggregate prison term of four years, with 10 years of postrelease supervision. Defendant appeals, challenging, among other things, the voluntariness of both his plea and the waiver of his right to appeal.

As the record fails to indicate that County Court distinguished between defendant's right to appeal and those rights forfeited upon his guilty plea, we conclude that defendant did not understand the implications of the appeal waivers and they are therefore unenforceable (see People v Williford, 124 AD3d 1076, 1077 [2015]; compare People v Balbuena, 123 AD3d 1384, 1385 [2014]). Although the two written waivers, which were signed by defendant in open court, distinguished these rights and stated that defendant had a full opportunity to discuss the waivers with his attorney, County Court made no inquiry as to whether defendant understood them or whether his counsel had in fact discussed the waivers with him (see People v Vences, 125 AD3d 1050, 1051-1052 [2015]; compare People v McCaskill, 76 AD3d 751, 752 [2010]). Defendant next contends that his plea was involuntary because County Court did not inform him, as a citizen of Jamaica, of the potential deportation consequences of his plea. However, because defendant withdrew his motion to withdraw his plea, this issue is unpreserved for our review (see People v Balbuena, 123 AD3d at 1385; People v Royce, 122 AD3d 1008, 1009 [2014]; People v Jones, 114 AD3d 1080, 1081 [2014], lv denied 24 NY3d 961 [2014]; compare People v Rupnarain, 123 AD3d 1372, 1373 [2014]). To the extent that defendant further argues that his plea was involuntary based on County Court's failure to notify him that he would be required to register as a sex offender, we note that this issue is likewise unpreserved and, in any event, such registration is a collateral consequence of his plea and

thus does not undermine its voluntariness (see People v Wright, 53 AD3d 963, 963 [2008], lv denied 11 NY3d 710 [2008]; People v Nash, 48 AD3d 837, 837-838 [2008], lv denied 10 NY3d 937 [2008]).

Defendant's contentions that he received ineffective assistance of counsel due to his attorney's failure to advise him of the immigration consequences and the sex offender registration requirement of his plea, as well as his counsel's alleged failure to present County Court with a letter from the rape victim's mother, are likewise unavailing. These claims are unpreserved due to defendant's withdrawal of his motion to withdraw his guilty plea and, although defendant raised ineffective assistance of counsel claims in his two CPL article 440 motions, he has not sought permission to appeal their denial by County Court (see People v Livziey, 117 AD3d 1341, 1342 [2014]; compare People v Rupnarain, 123 AD3d at 1373). To the extent that defendant raises speedy trial and due process arguments, they are unpreserved (see People v Chinn, 104 AD3d 1167, 1169 [2013], lv denied 21 NY3d 1014 [2013]), and his remaining contentions, to the extent that they are properly before us, lack merit.

McCarthy, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court