*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    107109
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

EDWARD EARL CURTIS,
                        Appellant.
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        John Ferrara, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered July 30, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (two counts).

        On two occasions in June 2013, defendant drove his wife and son around the Town of Delaware, Sullivan County looking for houses to burglarize.  On each occasion, the son selected a home, and defendant waited outside while the wife and son entered the residence, stole jewelry and other items and brought the items back to the vehicle.  Defendant then brought the stolen items to pawn shops and sold them.  He was arrested in connection with these and several other burglaries and was charged with burglary in the second degree (five counts), criminal mischief in the

fourth degree (two counts) and criminal possession of stolen property in the fourth degree. Defendant pleaded guilty to two counts of burglary in the second degree under an agreement by which he preserved his right to appeal. Based upon the plea agreement, County Court sentenced him to concurrent prison terms of 12½ years with five years of postrelease supervision on each of the burglary convictions. Defendant appeals.

We reject defendant's contention that County Court erred in denying his suppression motion. Defendant made only a brief, conclusory claim that there was no probable cause for his arrest, lacking factual support (see People v Vanness, 106 AD3d 1265, 1266 [2013], lv denied 22 NY3d 1044 [2013]). As for his challenge to the search of his home and vehicle, defendant asserted that he was under arrest when he gave consent and was not told that he did not have to sign the consent forms. However, police are not required to inform a defendant that he or she may refuse to consent to a search (see People v Kuhn, 33 NY2d 203, 208-209 [1973]; People v Todd, 149 AD2d 826, 827 [1989], lv denied 74 NY2d 795 [1989]), and neither the failure to give this advice nor the fact that a defendant was in custody when his or her consent was obtained, without more, necessarily establishes that the consent was involuntary (see People v Rodriguez, 11 NY2d 279, 287 [1962]; People v Williford, 124 AD3d 1076, 1078 [2015], lv denied 25 NY3d 1209 [2015]).[1] Defendant made no other allegations suggesting that coercive tactics were used to obtain his signature or otherwise giving rise to issues of fact as to the voluntariness of his consent (see CPL 710.60 [1]; People v Williford, 124 AD3d at 1078; compare People v Gonzalez, 39 NY2d 122, 130-131 [1976]). A hearing on a suppression motion "[is] not automatic or generally available for the asking by boilerplate allegations" (People v Mendoza, 82 NY2d 415, 422

---

[1] Although the consent forms that defendant signed were apparently not before County Court when the motion was decided, they are part of our record. Notably, both contain defendant's unequivocal acknowledgment that he was advised that he had the right to refuse to consent and could revoke his consent at any time (see People v Garnsey, 288 AD2d 761, 762 [2001], lv denied 97 NY2d 754 [2002]).

[1993]; accord People v Gadsden, 273 AD2d 701, 701 [2000], lv
denied 95 NY2d 934 [2000]).  Such a motion may be summarily
denied when "[t]he motion papers do not allege a ground
constituting legal basis for the motion or . . . [t]he sworn
allegations of fact do not as a matter of law support the ground
alleged" (CPL 710.60 [3] [a], [b]).  As defendant's submission
did not give rise to any factual disputes on material issues,
County Court properly denied the motion without a hearing (see
generally People v Briskin, 125 AD3d 1113, 1117 [2015], lv denied
25 NY3d 1069 [2015]; People v Lamont, 21 AD3d 1129, 1130 [2005],
lv denied 6 NY3d 835 [2006]).[2]

     Next, defendant contends that he was denied the effective
assistance of counsel on the ground that his counsel
misunderstood the plea agreement.  This claim is unpreserved for
review, as the record does not reveal that defendant made an
appropriate postallocution motion (see People v Jenkins, 130 AD3d
1091, 1091 [2015]; People v Feliciano, 108 AD3d 880, 881 [2013],
lv denied 22 NY3d 1040 [2013]).  In any event, were the issue
before us we would have rejected it.  Counsel's argument at
sentencing that the prison term of 12½ years was a recommended
maximum rather than an agreed-upon period of incarceration did
not reflect confusion, but instead, counsel's strategy —
previously discussed on the record — to add medical evidence to
the record supporting a claim that defendant should receive a
reduced sentence because he was being treated for a serious
illness.[3]  Although County Court rejected this argument, counsel
nevertheless achieved his stated goal of preserving the issue for
appeal; additionally, he obtained an advantageous plea agreement,
and defendant stated on the record that he was satisfied with his

_____

     [2]  Defendant's claim that his counsel was unable to access
the contents of a compact disk supplied by the People that
purportedly contained copies of pertinent evidence is belied by
the record, which establishes that the People offered to provide
full assistance in doing so.

     [3]  At defense counsel's request, County Court granted two
sentencing adjournments to provide time to obtain the medical
records in question.

representation (see People v Briggs, 138 AD3d 1355, 1356 [2016], lv denied 28 NY3d 927 [2016]; People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]).

Contrary to the People's argument, defendant's claim that his sentence is harsh and excessive is not foreclosed by his guilty plea, as he preserved his right to appeal (see People v McKnight, 129 AD3d 1459, 1460 [2015], lvs denied 26 NY3d 932 [2015]). Nevertheless, defendant's sentence was considerably lower than the maximum he could have received. He was fully aware of his medical condition when he accepted the plea bargain, and County Court gave due consideration to the mitigating medical information that defense counsel submitted before imposing the agreed-upon sentence. In view of these factors and defendant's failure to accept responsibility or cooperate with the presentencing investigation — despite a provision in the plea agreement requiring him to do so — we find no extraordinary circumstances or abuse of discretion warranting a modification (see People v Cridelle, 283 AD2d 775, 775-776 [2001]; People v Ormsby, 242 AD2d 840, 840-841 [1997], lv denied 91 NY2d 895 [1998]).

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court