Pritzker, J.
 

 Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered February 27, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
 

 In full satisfaction of a three-count indictment, defendant pleaded guilty to one count of robbery in the second degree and waived his right to appeal. Although defendant subsequently moved—both pro se and with newly assigned counsel—to vacate his plea, defendant ultimately withdrew that motion and thereafter was sentenced in accordance with the terms of the revised plea agreement to 10 years in prison followed by five years of postrelease supervision—said sentence to be served concurrently with the sentence defendant then was serving. This appeal by defendant ensued.
 

 We affirm. To the extent that defendant’s brief may be read as challenging the validity of his waiver of the right to appeal, we find this claim to be unpersuasive. Defendant was advised that an appeal waiver was a condition of the plea agreement, County Court distinguished the waiver of appeal from the trial-related rights that defendant was forfeiting, defendant executed a written waiver of appeal in open court and, in response to questioning by the court, defendant confirmed his understanding of the waiver. Under these circumstances, we are satisfied that defendant’s combined oral and written appeal waiver was knowing, intelligent and voluntary (see People v Hall, 147 AD3d 1151, 1151 [2017], lv denied 29 NY3d 1080 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]).
 

 Although defendant’s challenge to the voluntariness of his plea survives his valid appeal waiver (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]), this issue is unpreserved for our review “given that he withdrew his motion to withdraw his guilty plea at sentencing and failed to move to vacate the judgment of conviction” (People v Brown, 10 AD3d 801, 802 [2004], lv denied 3 NY3d 739 [2004]; see People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009]). To the extent that defendant’s brief may be read as challenging the factual sufficiency of his plea, this claim is precluded by the valid appeal waiver and, further, is similarly unpreserved (see People v Bryant, 128 AD3d 1223, 1224 [2015], lv denied 26 NY3d 926 [2015]). Moreover, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Benson, 100 AD3d 1108, 1109 [2012]; People v Richardson, 83 AD3d 1290, 1291 [2011], lv denied 17 NY3d 821 [2011]). Although defendant denied responsibility for the crime during the course of the presentence investigation, he reaffirmed his acceptance of responsibility prior to sentencing—twice indicating to County Court that he was in fact guilty of the underlying crime (see People v Hudson, 130 AD3d 1320, 1320 [2015]; People v Neithardt, 127 AD3d 1502, 1503 [2015]). In any event, our review of the record confirms that defendant was aware of the terms of the plea agreement, including the length of the sentence to be imposed, and affirmatively “indicated that he had sufficient time to confer with counsel and had not been forced into pleading guilty, [thus] belying his present claims of coercion or undue pressure” (People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]).
 

 As for defendant’s ineffective assistance of counsel claim, certain of the arguments now advanced—including counsel’s alleged failure to adequately explore potential defenses and sufficiently explain the various options available to defendant—implicate matters outside of the record and, as such, are more properly considered in the context of a CPL article 440 motion (see People v Breault, 150 AD3d 1548, 1549 [2017]; People v Franklin, 146 AD3d 1082, 1084 [2017], lv denied 29 NY3d 948 [2017]). To the extent that the balance of this claim impacts upon the voluntariness of defendant’s plea, “such claim survives his valid appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion” (People v Lewis, 143 AD3d 1183, 1185 [2016]). Finally, in light of defendant’s valid appeal waiver, his challenge to the severity of his sentence is precluded (see People v Lambert, 151 AD3d 1119, 1120 [2017], lv denied 29 NY3d 1092 [2017]; People v Caldwell, 148 AD3d 1468, 1468 [2017]).
 

 Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed.