People v Cantey (2018 NY Slip Op 03774)





People v Cantey


2018 NY Slip Op 03774


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

108245

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDRE CANTEY, Also Known as RAH, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Keeley A. Maloney, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered February 6, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
After defendant was indicted on one count of criminal sale of a controlled substance in the third degree, the People offered to permit defendant to plead guilty to the charged crime in exchange for a prison term of six years followed by three years of postrelease supervision. Defendant countered — proposing a prison term of five years — and the matter was adjourned. When the parties reconvened, Supreme Court was unwilling to impose a five-year prison term and reiterated the People's original offer;
defendant indicated that he wanted to plead guilty and wished to proceed pro se — following which the matter again was adjourned. Approximately two weeks later, defendant returned to court with newly assigned counsel, at which time Supreme Court indicated that the plea agreement had been modified to the extent that defendant would be sentenced to a prison term of no less than five years and no more than six years — followed by three years of postrelease supervision — said sentence to be served consecutively to another sentence previously imposed. With that understanding, defendant pleaded guilty as charged and the matter was adjourned for sentencing.
Prior to sentencing, defendant filed a pro se motion to withdraw his plea, and the matter [*2]was adjourned so that defendant, who recently had been incarcerated in state prison upon a conviction in Rensselaer County, could be produced. When the parties next appeared in court, defendant expressed dissatisfaction with his two previously assigned attorneys and uncertainty as to whether he wished to proceed with his motion to withdraw his plea, prompting Supreme Court to again adjourn sentencing. Thereafter, defendant was appointed new counsel — the third attorney assigned to him in this matter — and sentencing was further adjourned to permit counsel an opportunity to file a formal motion to withdraw defendant's plea.
When the parties finally returned for sentencing, defendant informed Supreme Court that he was "withdrawing that motion" and that he would "find another way" to address his concerns. An extensive colloquy with Supreme Court ensued, during the course of which defendant reiterated that he neither wished to work with any of the attorneys who had been assigned to represent him nor desired to proceed with his pro se motion to withdraw his plea, stating, "I'm good, man. . . . Give me my time and let me go." Defendant thereafter was sentenced as a second felony offender to a prison term of six years followed by three years of postrelease supervision. This appeal ensued.
We affirm. "Although defendant's challenge to the voluntariness of his plea survives [even a] valid appeal waiver, this issue is unpreserved for our review given that he withdrew his [pro se] motion to withdraw his guilty plea at sentencing" (People v Smith, 155 AD3d 1244, 1245 [2017] [internal quotation marks and citation omitted]; see People v Phipps, 127 AD3d 1500, 1501 [2015], lv denied 26 NY3d 970 [2015]; People v Jones 114 AD3d 1080, 1081 [2014], lv denied 24 NY3d 961 [2014]; People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009])[FN1]. We further find that the narrow exception to the preservation requirement was not triggered here (see People v Smith, 155 AD3d at 1245; People v Jones, 114 AD3d at 1081).
Defendant's ineffective assistance of counsel claim, which is largely premised upon his assertion that one or more of the attorneys assigned to represent him failed to explore viable defenses and/or offered him erroneous advice with regard to sentencing, implicates matters outside of the record and, as such, is more properly considered in the context of a CPL article 440 motion (see People v Pringle, 155 AD3d 1085, 1086 [2017]; People v Breault, 150 AD3d 1548, 1549 [2017]). The balance of defendant's ineffective assistance of counsel claim — to the extent that it impacts the voluntariness of his plea — is similarly unpreserved (see People v Smith, 155 AD3d at 1246; People v Phipps, 127 AD3d at 1501-1502; People v Jones, 114 AD3d at 1081). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.

ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Our conclusion in this regard is unaffected by Supreme Court's purported denial of defendant's motion to withdraw his guilty plea — a ruling undertaken after defendant indicated that he was withdrawing such motion.