People v Monforte (2018 NY Slip Op 07783)





People v Monforte


2018 NY Slip Op 07783


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108501

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JONATHAN MONFORTE, Also Known as J-5, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Craig Meyerson, Peru, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered April 14, 2016, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with manslaughter in the first degree. He pleaded guilty to this crime and waived his right to appeal, both orally and in writing. Defendant was subsequently sentenced, in accordance with the terms of the plea agreement, to 25 years in prison followed by five years of postrelease supervision. He now appeals.
Defendant's sole claim is that he was denied the effective assistance of counsel because his counsel did not properly investigate his case or undertake appropriate procedural steps in furtherance of his defense. To the extent that this claim impacts upon the voluntariness of defendant's guilty plea, it survives his uncontested waiver of the right to appeal but is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v White, 164 AD3d 959, 960 [2018]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). As defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Reap, 163 AD3d 1287, 1288 [2018]; People v Smith, 155 AD3d 1244, 1245 [2017]). Finally, the balance of defendant's ineffective assistance of counsel claim implicates matters outside of the record that, in turn, are more properly the subject of a CPL article 440 motion (see People v Smith, 155 AD3d at 1246; People v Williams, 150 AD3d 1549, 1551 [2017]).
Garry, P.J., McCarthy, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.