People v Lasher (2018 NY Slip Op 07799)





People v Lasher


2018 NY Slip Op 07799


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109244

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STACY LASHER, Appellant.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 28, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant pleaded guilty to burglary in the second degree in full satisfaction of various charges contained in two indictments and waived the right to appeal. County Court thereafter sentenced him, as a second felony offender, to the agreed-upon prison term of eight years, to be followed by five years of postrelease supervision. Defendant appeals.
Initially, to the extent that defendant argues that the People failed to provide proper notice of the grand jury proceedings, such claim was forfeited by his guilty plea (see People v Wheeler, 176 AD2d 1133, 1134 [1991], lv denied 79 NY2d 924 [1992]; People v Kehn, 132 AD2d 778, 779 [1987], lv denied 70 NY2d 800 [1987]). Defendant's ineffective assistance of counsel claim, based upon his counsel's failure to object to a lack of a preliminary hearing on the charges leading to the first indictment, was also forfeited by his guilty plea, as it does not directly involve the plea bargaining process (see People v Petgen, 55 NY2d 529, 535 n 3 [1982]; People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009]). Defendant also contends that he was deprived of the effective assistance of counsel by counsel's failure to secure his testimony before the grand jury. "[F]ailure of defense counsel to facilitate [a] defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (People v Simmons, 10 NY3d 946, 949 [2008]; accord People v Ronk, 159 AD3d 1129, 1130 [2018], lv denied 31 NY3d 1086 [2018]; People v Hogan, 26 NY3d 779, 787 [2016]). Moreover, defendant has not demonstrated "'that he was prejudiced by the failure of his attorney to effectuate his intentions or appearance before the grand jury and there is no claim that had he testified in the grand jury, the outcome would have been different'" (People v Lasher, 74 AD3d 1474, 1476 [2010] [brackets and ellipsis omitted], lv denied 15 NY3d 894 [2010], quoting see People v Simmons, 10 NY3d at 949; see People v Ronk, 159 AD3d at 1130).
Defendant's contention that his plea was not knowing, intelligent and voluntary is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Conley, 161 AD3d 1486, 1486-1487 [2018]; People v Busch-Scardino, 158 AD3d 988, 988 [2018]). The narrow exception to the preservation rule is not triggered here as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of the plea (see People v Suits, 158 AD3d 949, 950-951 [2018]; People v Mathayo, 155 AD3d 1090, 1091 [2017], lv denied 30 NY3d 1107 [2018]). Finally, defendant's claim that his sentence is harsh and excessive is precluded by his unchallenged appeal waiver (see People v Fairweather, 147 AD3d 1153, 1154 [2017], lv denied 29 NY3d 1031 [2017]; People v Smalls, 128 AD3d 1281, 1282 [2015], lv denied 27 NY3d 1006 [2016]).
Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.