People v Shabazz (2019 NY Slip Op 05810)





People v Shabazz


2019 NY Slip Op 05810


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

109341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ISMAIL SHABAZZ, Also Known as GARRY FAULKNER, Appellant.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Jack H. Weiner, New York City, for appellant.
William V. Grady, District Attorney, Poughkeepsie (Kirsten A. Rappleyea of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), rendered February 1, 2017 in Ulster County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a firearm in the second degree.
In 2015, defendant was charged in a 16-count indictment with various crimes — primarily pertaining to his unlawful possession and/or sale of firearms between May 2014 and May 2015. Following defendant's successful motions to recuse County Court (Williams, J.) and disqualify the Ulster County District Attorney's office from prosecuting this matter, defense counsel moved to, among other things, dismiss the indictment and sought inspection of the grand jury minutes — contending that the People had in their possession a certain memorandum indicating that defendant held a federal firearms license. In opposition, the People indicated that their investigation of this allegation revealed that defendant did not possess either a federal firearms license or a state pistol permit; although defendant had applied for a pistol permit, such application "was never granted" and therefore, the People asserted, presentation of the subject memorandum to the grand jury was not required. Supreme Court denied defendant's respective applications.
In full satisfaction of the indictment, and following a detailed plea colloquy, defendant agreed to plead guilty to the reduced charge of attempted criminal sale of a firearm in the second degree in exchange for a prison term of two years followed by three years of postrelease supervision. The plea agreement included a waiver of the right to appeal. After assuring Supreme Court that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services, defendant pleaded guilty to the reduced charge — specifically acknowledging that he attempted to unlawfully sell or dispose of five firearms within a period of not more than one year — and the matter was adjourned for sentencing.
Prior to sentencing, defense counsel was relieved of representing defendant and, ultimately, the Ulster County Public Defender's office was assigned to represent defendant. Assigned counsel then moved to withdraw defendant's plea — contending that, when he entered his guilty plea, defendant was ill and under the influence of certain cough medication that may have adversely interacted with his prescription drugs, resulting in confusion. When the parties appeared for sentencing, defendant expressed dissatisfaction with assigned counsel; Supreme Court denied defendant's apparent request for new counsel and granted defendant a brief adjournment in order to discuss and possibly expand upon the grounds for the pending motion. Upon returning to court, defendant indicated that he wished to proceed pro se and no longer wanted to pursue his motion to withdraw his plea. Supreme Court thereafter sentenced defendant to the agreed-upon prison term of two years followed by three years of postrelease supervision, and this appeal ensued.
We affirm. Defendant argues that his plea was involuntary and, further, that he received ineffective assistance of counsel because plea counsel failed to procure certain documents that purportedly would have shown that defendant possessed a valid federal firearms license — an omission that defendant did not recall until after he had pleaded guilty. To the extent that these arguments may be resolved upon the record before us, they are unpreserved for our review, as defendant withdrew his motion to withdraw his plea at the time of sentencing; to the extent that resolution of these issues is dependent upon matters outside of the record, such issues are more properly considered in the context of a CPL article 440 motion (see People v Cantey, 161 AD3d 1449, 1450-1451 [2018], lvs denied 32 NY3d 935, 940 [2018]; People v Smith, 155 AD3d 1244, 1245 [2017]; People v Jones, 114 AD3d 1080, 1081 [2014], lv denied 24 NY3d 961 [2014]; People v Carpenter, 93 AD3d 950, 952 [2012], lv denied 19 NY3d 863 [2012]; People v Terenzi, 57 AD3d 1228, 1229 [2008], lv denied 12 NY3d 822 [2009]). As the record does not reflect that defendant made any statements during the plea colloquy that negated an element of the crime to which he pleaded guilty or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement does not apply (see People v Cantey, 161 AD3d at 1450; People v Smith, 155 AD3d at 1245).
Finally, although defendant argues that Supreme Court abused its discretion in denying defendant's motion to withdraw his plea, the record reflects that Supreme Court did not in fact deny such motion; rather, defendant — by indicating that he no longer wished to pursue the motion and insisting that the court proceed to sentencing (see People v Cantey, 161 AD3d at 1450) — withdrew that motion. Accordingly, defendant has abandoned any argument on this point (see People v Loper, 118 AD3d 1394, 1395 [2014], lv denied 25 NY3d 1204 [2015]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.