People v Dorsey (2024 NY Slip Op 01844)

People v Dorsey

2024 NY Slip Op 01844

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

113534
[*1]The People of the State of New York, Respondent,
v
Johanna M. Dorsey, Appellant.

Calendar Date:February 22, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

David K. Bertan, New York City, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered June 25, 2020, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
A state trooper effectuated a traffic stop of defendant's vehicle, during which the trooper became suspicious of defendant's answers to questions and requested to search the vehicle. Defendant consented, and a box containing cocaine was discovered in the vehicle. Defendant was arrested and subsequently charged with various crimes. A suppression hearing was held before a Judicial Hearing Officer (Doern, J.H.O.), who ultimately recommended denying defendant's suppression motion. After County Court confirmed the Judicial Hearing Officer's report, defendant pleaded guilty to criminal possession of a controlled substance in the second degree. County Court thereafter sentenced defendant to a term of imprisonment, to be followed by a period of postrelease supervision. Defendant appeals.
In challenging the suppression ruling,[FN1] defendant argues that the traffic stop was pretextual. The record reflects that the trooper observed defendant's vehicle with tinted windows and making an abrupt lane change without signaling. Given the proof of a traffic violation, the trooper had probable cause to effectuate a traffic stop (see People v Medina, 209 AD3d 1059, 1061-1062 [3d Dept 2022], affd 40 NY3d 1022 [2023]; People v Banks, 148 AD3d 1359, 1360 [3d Dept 2017]).
Regarding the voluntariness of defendant's consent to search the vehicle, the trooper testified that he asked defendant if she would consent to a search of the vehicle. He also advised her that she did not have to give her consent. According to the trooper, defendant verbally gave consent and agreed to sign a form reflecting her consent despite being told that she did not have to do so. Although defendant maintains that her consent was coerced, the Judicial Hearing Officer credited the testimony of the trooper and found that defendant's consent to search the vehicle was voluntary. Deferring to the Judicial Hearing Officer's findings and credibility determinations, the Judicial Hearing Officer did not err in concluding that defendant's consent was voluntary (see People v Cummings, 157 AD3d 982, 984-985 [3d Dept 2018], lv denied 31 NY3d 982 [2018]; People v Williford, 124 AD3d 1076, 1078-1079 [3d Dept 2015], lv denied 25 NY3d 1209 [2015]; People v Durgey, 186 AD2d 899, 901 [3d Dept 1992], lv denied 81 NY2d 788 [1993]).
As to any incriminating statements made by defendant prior to her arrest and being administered Miranda warnings, the Judicial Hearing Officer found, and the record confirms, that, after defendant consented to the search, the trooper asked defendant to exit the vehicle with her child. Shortly thereafter, another trooper arrived, and defendant and her child were asked to sit in the back of that trooper's car for their safety and to stay warm because it [*2]was cold. During this time, defendant was not handcuffed. The second trooper testified that she escorted defendant and her child to the back seat of her car and gave them the option of leaving the car door open or shut. Defendant opted to have the door shut. In view of the foregoing, a reasonable person would not have believed that he or she was not free to leave. Accordingly, defendant was not subjected to a custodial interrogation prior to her arrest so as to require suppression of any statements that she made during that time (see People v Fragassi, 178 AD3d 1153, 1156 [3d Dept 2019], lv denied 34 NY3d 1128 [2020]; People v Bolarinwa, 258 AD2d 827, 828-829 [3d Dept 1999], lv denied 93 NY2d 1014 [1999]). Defendant's remaining arguments have been considered and are unavailing.
Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant's plea agreement called for her to waive the right to appeal, the People concede that the waiver is invalid. Accordingly, defendant is not foreclosed from challenging the suppression ruling (see People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]).