Peters, P.J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered March 27, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant, a citizen of Mexico, was charged in an indictment with burglary in the second degree after he donned a mask and *1385 used a master key, which he had acquired through his job, to enter an apartment occupied by an elderly couple. Under the plea offer proposed by the People, defendant would plead guilty to this charge and receive a sentence of five years in prison, to be followed by five years of postrelease supervision. County Court, however, would only approve the plea offer if it included a sentence of six years in prison, to be followed by five years of postrelease supervision. Defendant agreed to the longer sentence and entered a plea of guilty to burglary in the second degree. When the parties appeared for sentencing, County Court indicated its unwillingness to impose the agreed-upon sentence based upon information contained in the presentence investigation report. The court gave defendant the option either to withdraw his guilty plea and go to trial or to proceed with his guilty plea and receive a sentence of seven years in prison, to be followed by five years of postrelease supervision, and also to waive his right to appeal. Defendant elected to do the latter and executed a written waiver of the right to appeal that advised him, among other things, of the immigration consequences of his plea. He was sentenced to seven years in prison, to be followed by five years of postrelease supervision, and he now appeals.
Inasmuch as County Court properly distinguished the waiver of the right to appeal from the rights that defendant had automatically forfeited by virtue of his guilty plea, ensured that defendant understood the rights that he was waiving and had defendant execute a detailed written waiver in open court that indicated, among other things, that he had an opportunity to discuss the waiver with counsel, we find that the appeal waiver was knowing, voluntary and intelligent (see People v Lyman, 119 AD3d 968, 969 [2014]; People v Dyckman, 114 AD3d 994, 995 [2014], lv denied 23 NY3d 1036 [2014]). Defendant’s contention that his plea was involuntary because County Court did not inform him of the deportation consequences of the plea survives the waiver of his right to appeal (see People v Miner, 120 AD3d 1449, 1449 [2014]; People v Waite, 120 AD3d 1446, 1447 [2014]; People v Jackson, 119 AD3d 1288, 1288 [2014]). However, this issue was not preserved by a postallocution motion on such ground (see People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]). Further, no exception to the preservation requirement is applicable because defendant had knowledge of his potential immigration consequences at the time of sentencing, as is evidenced by the written appeal waiver and the presentence investigation report (see People v Peque, 22 NY3d 168, 182-183 [2013]; People v Murray, 15 NY3d 725, 726-727 [2010]; People v Chelley, 120 AD3d 987, 988 [2014]; People v *1386 Rodriguez, 115 AD3d 884, 884 [2014], lv denied 23 NY3d 1067 [2014]).
Defendant’s related claim of ineffective assistance of counsel is premised upon his counsel’s alleged failure to advise him of the potential deportation consequences of his guilty plea. Given that defendant signed an appeal waiver that informed him of the deportation consequences of his plea and indicated that his attorney had discussed this issue with him, we cannot, on this record, find merit in defendant’s argument. To the extent that defendant’s argument is based upon matters not appearing on the face of the record before us, defendant must pursue this claim by means of a CPL article 440 motion (see People v Peque, 22 NY3d at 202-203; People v Underdue, 89 AD3d 1132, 1134 [2011], lv denied 19 NY3d 969 [2012]). Finally, defendant’s claim that his sentence is harsh and excessive is precluded by his valid appeal waiver (see People v Borst, 121 AD3d 1424, 1425 [2014]; People v Smith, 121 AD3d 1131, 1132 [2014]).
Stein, Garry, Egan Jr. and Devine, JJ, concur.
Ordered that the judgment is affirmed.