## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 5, 2015

106673
107125

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

GODSON TAMAH,
                    Appellant.
_____

Calendar Date:   September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Frederick P. Korkosz, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered March 3, 2014, convicting defendant upon his plea of guilty of the crimes of petit larceny and resisting arrest, and (2) by permission, from an order of said court, entered October 16, 2014, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

        Defendant, who is a citizen of Ghana, was charged in a complaint with grand larceny in the fourth degree and resisting arrest.  He agreed to plead guilty to a superior court information charging him with the reduced charge of petit larceny, a misdemeanor, and resisting arrest and waived his right

to appeal. County Court thereafter sentenced him pursuant to the plea agreement to concurrent terms of one year in jail. Defendant apparently is subject to deportation proceedings and he moved to vacate the judgment pursuant to CPL 440.10 on the premise that he received ineffective assistance of counsel regarding the immigration consequences of his plea. County Court denied the motion without a hearing and defendant now appeals from both the judgment of conviction and, by permission, the order denying his motion to vacate the judgment.

We affirm. As to defendant's direct appeal of his conviction, his claim of ineffective assistance of counsel, to the extent that it is alleged to have impacted the voluntariness of his plea, survives his appeal waiver but is not preserved for our review as the record does not reflect that he moved to withdraw his plea (see People v Morales, 119 AD3d 1082, 1084 [2014], lv denied 24 NY3d 1086 [2014]). Moreover, defendant did not make any statements during the plea colloquy that would trigger the narrow exception to the preservation rule (see People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]; People v Watson, 115 AD3d 1016, 1017 [2014], lv denied 24 NY3d 965 [2014]).

Turning to defendant's motion to vacate the judgment of conviction, his allegation in his affidavit supporting the motion that defense counsel informed him that pleading guilty to misdemeanors would not result in his deportation is belied by the record. Defense counsel informed County Court during the plea colloquy that he had advised defendant of the potential immigration consequences of the plea. Significantly, defendant affirmed several times during the plea colloquy that he was aware that his guilty plea to the misdemeanors could result in his deportation. Finally, the record reflects that defendant also sought advice from an immigration attorney prior to pleading guilty and, while again acknowledging the possibility of deportation, defendant informed County Court that he believed that, by pleading guilty to misdemeanors, he stood "a better chance" with the US Immigration Services. Under these circumstances, County Court properly denied defendant's CPL 440.10 motion without a hearing (see People v Bassi, 111 AD3d

845, 846 [2013]; People v Achouatte, 91 AD3d 1028, 1029 [2012],
lv denied 18 NY3d 954 [2012], cert denied ___ US ___, 133 S Ct
216 [2012]).

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court