*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016          106111
                                             107229
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                     Respondent,

        v                                MEMORANDUM AND ORDER

RUBEN M. REBELO,
                     Appellant.
_____

Calendar Date:  January 7, 2016

Before:  Peters, P.J., Garry, Rose and Lynch, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L.
Hubbard of counsel), for respondent.

_____

Garry, J.

        Appeals (1) from a judgment of the County Court of Delaware
County (Becker, J.), rendered July 1, 2013, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the fifth degree, and (2) by permission,
from an order of said court, entered November 24, 2014, which
denied defendant's motion pursuant to CPL 440.10 to vacate the
judgment of conviction, without a hearing.

        In April 2013, in the course of a traffic stop in the Town
of Harpersfield, Delaware County, defendant was arrested after
drugs were found on his person and also in the vehicle in which
he was a passenger.  A preplea probation report was prepared, and
thereafter, in July 2013, defendant executed a waiver of

indictment and consented to be prosecuted by a superior court information charging him with various counts arising from the incident. On the same date, in full satisfaction of the charges, defendant pleaded guilty to one count of criminal possession of a controlled substance in the fifth degree and executed an appeal waiver. He was sentenced in accord with his plea agreement to a split sentence of 90 days of incarceration and five years of probation. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied without a hearing. He now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

Defendant contends that he was deprived of the effective assistance of counsel as he was erroneously advised that he was eligible for a youthful offender adjudication and as counsel failed to adequately advise him of the deportation consequences of his plea. At the outset, these claims survive defendant's uncontested appeal waiver only to the extent that they impact the voluntariness of his plea (see People v Livziey, 117 AD3d 1341, 1342 [2014]; People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]; People v Leonard, 63 AD3d 1278, 1278 [2009], lv denied 13 NY3d 797 [2009]). Further, although a defendant is ordinarily required to preserve such a claim through an appropriate postallocution motion, preservation is not required where, as here, there is no practical opportunity to do so prior to sentencing (see People v Peque, 22 NY3d 168, 183 [2013]; People v Williams, 123 AD3d 1376, 1377 [2014]).[1]

Defendant was ineligible for youthful offender treatment at the time of the underlying proceedings due to a prior youthful offender adjudication (see CPL 720.10 [2] [c]). As he now contends, it appears from the record that both defense counsel and County Court mistakenly believed that he remained eligible. However, the court clearly and repeatedly advised that he would not be granted a youthful offender adjudication; the court

_____

[1] Defendant's arraignment upon the superior court information, plea and sentencing all occurred during a single, uninterrupted proceeding before County Court.

expressly stated this three times prior to the plea allocution. Nonetheless, defendant chose to proceed. In these circumstances, the misapprehension as to defendant's eligibility was rendered irrelevant by the court's clear and repeated warnings. Accordingly, we find that defendant's plea was voluntary (see generally People v Conceicao, 26 NY3d 375, 383 [2015]; People v Chaney, 72 AD3d 1194, 1196 [2010]).

Defendant's claim that he was not warned that he would be deported as a consequence of the plea is also belied by the record. Both prior to and during the course of the plea allocution, and again before pronouncing sentence, County Court expressly advised defendant that a potential consequence of his plea would be his removal from the country; this was described in the initial proceedings as a "likely result".[2] Thus, defendant was adequately apprised of the potential consequence of deportation that he faced as a result of his plea (see People v Castro, 133 AD3d 986, 987 [2015]; People v Achouatte, 91 AD3d 1028, 1029 [2012], lv denied 18 NY3d 954 [2012], cert denied 568 US ___, 133 S Ct 216 [2012]).

Finally, we find that defendant's claims are capable of being resolved by reference to the record on direct appeal and, thus, County Court did not err in denying defendant's CPL 440.10 motion without a hearing (see People v Satterfield, 66 NY2d 796, 799 [1985]; People v LaPierre, 108 AD3d 945, 946 [2013]).

Peters, P.J., Rose and Lynch, JJ., concur.

---

[2] It appears that defendant had also conferred with separate counsel relative to his immigration status following his prior conviction and youthful offender designation.

ORDERED that the judgment and order are affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court