Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 27, 2016                106903
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

NORMAN LEWIS, Also Known as
    REESE,
                        Appellant.
_____

Calendar Date:  September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

        Donnial K. Hinds, Albany, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Hannah Sith Long of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered March 14, 2014, convicting defendant upon
his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree.

        In January 2013, defendant was charged in a sealed, multi-
count indictment with conspiracy in the second degree and 13
felony drug offenses.  Defendant appeared at arraignment with
retained counsel and, following a successful bail application,
the matter was adjourned — apparently for the purpose of allowing
defendant to consider an anticipated plea offer.  When the
parties reappeared before County Court on March 29, 2013, counsel
for defendant asked to be relieved.  County Court denied

counsel's application, finding evidence of nothing more than a "routine disagreement[]" between an attorney and his client, but adjourned the matter until April 12, 2013 to afford defendant an opportunity to retain new counsel should he so choose.

Defendant and retained counsel returned to County Court on the appointed date, at which time defendant indicated that he and counsel had resolved their differences and that he was prepared to accept the People's offer. County Court then outlined the terms of the plea agreement, wherein defendant would – in full satisfaction of the underlying indictment – plead guilty to a single count of criminal possession of a controlled substance in the third degree, waive his right to appeal and agree to cooperate with the Attorney General in the prosecution of his codefendants. In exchange, defendant would be sentenced, as a second felony offender, to eight years in prison followed by three years of postrelease supervision. Following an extensive and detailed colloquy, during the course of which County Court, among other things, outlined the ramifications of the guilty plea, explained the separate and distinct nature of the appellate rights that defendant was waiving and ensured that defendant had read and understood the written waiver of the right to appeal that was executed in open court, defendant – having assured the court that he was satisfied with counsel's representation, had been afforded sufficient time to consider the plea and was accepting the plea of his own free will – pleaded guilty to criminal possession of a controlled substance in the third degree, and the matter was adjourned for sentencing.

When defendant returned to court for sentencing on January 6, 2014, he again expressed dissatisfaction with retained counsel's services and contended that he had been coerced into accepting the plea agreement. In response, County Court revoked defendant's bail and adjourned the matter so that new counsel could be assigned to represent defendant – specifically, to consider whether there was any basis upon which to pursue a motion to withdraw defendant's plea. Defendant and assigned counsel appeared for sentencing on March 14, 2014, at which time assigned counsel advised that, although defendant did not wish to move to withdraw his plea, he also did not want to be sentenced – citing, among other things, retained counsel's alleged failure to

provide him with certain discovery materials.  County Court thereafter sentenced defendant in accordance with the terms of plea agreement.  Defendant now appeals, primarily contending that he was denied the effective assistance of counsel.

Preliminarily, to the extent that defendant's brief may be read as contending that his waiver of the right to appeal was involuntary, we disagree.  As noted previously, County Court explained the nature of the appellate rights encompassed by the waiver and confirmed that defendant had read and understood the written waiver of appeal that he executed in open court (see People v Mann, 140 AD3d 1532, 1533 [2016]; People v McCray, 139 AD3d 1235, 1236 [2016]).  Accordingly, we are satisfied that defendant's waiver of appeal was knowing, intelligent and voluntary (see People v Hughes, 134 AD3d 1301, 1301 [2015], lv denied 27 NY3d 966 [2016]; People v Kormos, 126 AD3d 1039, 1039-1040 [2015]).

As for defendant's claim that he was denied the effective assistance of counsel, many of the issues of which defendant now complains – including retained counsel's asserted failure to properly investigate the charges against defendant, interview witnesses and/or pursue various defenses – involve matters outside of the record and, hence, are more properly the subject of a CPL article 440 motion (see People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]).  To the extent that the balance of defendant's ineffective assistance of counsel claim – including his assertion that his plea was coerced (see People v Conley, 135 AD3d 1238, 1238-1239 [2016]; People v Hudson, 130 AD3d 1320, 1320 [2015]) – impacts upon the voluntariness of his plea, such claim survives his valid appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Tamah, 133 AD3d 923, 924 [2015]; People v Beblowski, 127 AD3d 1505, 1505 [2015], lv denied 26 NY3d 926 [2015]).  Further, our review of the record confirms that "defendant did not make any statements during the plea colloquy that would trigger the narrow exception to the preservation rule" (People v Tamah, 133 AD3d at 924; see People v Perkins, 140 AD3d 1401, 1403 [2016]).  Finally, defendant's challenge to the perceived severity of the agreed-upon sentence imposed is precluded by his valid appeal waiver (see People v

Perkins, 140 AD3d at 1403; People v Dunkelberger, 139 AD3d 1255, 1256 [2016]).

McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court