■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATHER BREAULT, Appellant. [52 NYS3d 683]—

Egan Jr., J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered April 23, 2014, convicting defendant upon her plea of guilty of the crimes of burglary in the second degree, criminal solicitation in the third degree and petit larceny.

In exchange for the statutory minimum prison term, defend-

ant pleaded guilty to an indictment charging her with burglary in the second degree, criminal solicitation in the third degree and petit larceny, and waived her right to appeal. In accordance with the plea agreement, County Court sentenced defendant to concurrent prison terms that resulted in an aggregate maximum of 3½ years, followed by 1½ years of postrelease supervision. Defendant appeals.

Initially, we agree with defendant that the waiver of the right to appeal was not valid. County Court did not apprise defendant "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Mitchell*, 144 AD3d 1327, 1328 [2016]). Further, a review of the lengthy written plea agreement—in which the waiver of the right to appeal is effectively buried—does not reflect that defendant initialed the section waiving her appellate rights, and, further, does not distinguish the separate and distinct nature of the appeal waiver from the trial-related rights being forfeited. As such, we do not find that "defendant understood the content or consequences of the appeal waiver" (*People v Herbert*, 147 AD3d 1208, 1209 [2017] [internal quotation marks and citation omitted]; *see People v Bradshaw*, 18 NY3d at 264).

Defendant further contends that she was denied the effective assistance of counsel. Defendant's claims in this regard—including that neither of her attorneys diligently investigated the law or facts surrounding the charges, sufficiently communicated with her or advised her of applicable defenses—primarily concern matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (*see People v Lewis*, 143 AD3d 1183, 1185 [2016]). Defendant's remaining assertions with respect to her claim of ineffective assistance of counsel are unpreserved as the record does not reflect that she made an appropriate postallocution motion (*see id.* at 1185; *People v Soprano*, 135 AD3d 1243, 1243 [2016], *lv denied* 27 NY3d 1007 [2016]; *People v Smalls*, 128 AD3d 1281, 1282 [2015], *lv denied* 27 NY3d 1006 [2016]). Finally, defendant's challenge to the sentence as harsh and excessive is without merit given that she received the minimum term of imprisonment for the violent felony offense of burglary in the second degree (*see* Penal Law § 70.02 [3] [b]).

Peters, P.J., McCarthy, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.