McCarthy, J.P.
 

 Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered May 7, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
 

 Defendant, who is not a United States citizen, was charged in an indictment with two counts of criminal sale of a controlled substance in the third degree. Pursuant to a written plea agreement, which included a waiver of appeal, defendant agreed to plead guilty to both counts in exchange for the People’s recommendation of a three-year prison sentence, three years of postrelease supervision and no opposition to placement in the Willard drug treatment program. Thereafter, consistent with the terms of the plea agreement, defendant was sentenced as a predicate felon to two concurrent prison terms of three years — together with three years of postrelease supervision — to be served under parole supervision as part of the Willard drug treatment program pursuant to CPL 410.91. Defendant appeals.
 

 Initially, we agree with defendant that the waiver of the right to appeal was not valid. During the plea colloquy, County Court did not adequately apprise defendant that his appeal rights were separate and distinct from those trial-related rights automatically forfeited by his guilty plea (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Mitchell, 144 AD3d 1327, 1328 [2016]). Further, the lengthy written plea agreement in which the waiver of the right to appeal appears does not distinguish in any meaningful way the separate and distinct nature of the appeal waiver (see People v Breault, 150 AD3d 1548, 1548 [2017]; compare People v Corbin, 121 AD3d 803, 803-804 [2014]). As such, we are unable to conclude that “defendant understood the content or consequences of the appeal waiver” (People v Herbert, 147 AD3d 1208, 1209 [2017] [internal quotation marks and citation omitted]; see People v Bradshaw, 18 NY3d at 264).
 

 Turning to defendant’s ineffective assistance of counsel claim, defendant contends that his plea was involuntary because his defense counsel failed to adequately inform him of the deportation consequences of his guilty plea under federal immigration statutes (see 8 USC §§ 1101 [a] [43]; 1227 [a] [2] [B] [i]). Defendant’s ineffective assistance of counsel claim, however, “is unpreserved for our review in the absence of an appropriate postallocution motion” (People v Lewis, 143 AD3d 1183, 1185 [2016]; see People v Peque, 22 NY3d 168, 183, 202-203 [2013]; People v Soprano, 135 AD3d 1243, 1243 [2016], lv denied 27 NY3d 1007 [2016]; cf. People v Rebelo, 137 AD3d 1315, 1316 [2016], lv denied 28 NY3d 936 [2016], cert denied 580 US —, 137 S Ct 385 [2016]). Further, our review of the record confirms that defendant did not make any statements during the plea colloquy or at sentencing that would trigger the narrow exception to the preservation rule (see People v Peque, 22 NY3d at 182-183; People v Lewis, 143 AD3d at 1185).
 

 In any event, defendant’s claim that he was not properly advised that he could be deported as a consequence of his plea is belied by the record. During the plea colloquy, County Court informed defendant of his potential immigration consequences resulting from his plea, and defendant expressly acknowledged in the written plea agreement that he had been afforded the opportunity to discuss with his attorney the potential deportation consequences resulting from his plea and that he understood that his conviction could result in, among other things, his deportation, exclusion from admission to the United States or denial of naturalization (see People v Lawrence, 148 AD3d 1472, 1474 [2017]; People v Rebelo, 137 AD3d at 1317; People v Balbuena, 123 AD3d 1384, 1386 [2014]). Finally, to the extent that defendant’s ineffective assistance of counsel claim is premised upon matters not appearing on the record before us, defendant must pursue this claim by means of a CPL article 440 motion (see People v Peque, 22 NY3d at 202-203; People v Balbuena, 123 AD3d at 1386).
 

 Garry, Rose, Devine and Clark, JJ., concur.
 

 Ordered that the judgment is affirmed.