■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIR DANCY, Appellant. [66 NYS3d 530]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (McLoughlin, J.), rendered July 27, 2016, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea was not knowing, voluntary, and intelligent because the County Court failed to advise him of the constitutional rights he was waiving by pleading guilty. This contention is unpreserved for appellate review, because the defendant did not move to vacate his plea or otherwise raise the issue in the County Court (*see* CPL 220.60 [3]; *People v Peque*, 22 NY3d 168, 182 [2013]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Coleman*, 138 AD3d 1014, 1015 [2016]; *People v Jackson*, 114 AD3d 807 [2014]; *cf. People v Tyrell*, 22 NY3d 359 [2013]). In any event, this contention is without merit. The court adequately advised the defendant of his fundamental constitutional rights, as well as other rights, he was surrendering by pleading guilty (*see Boykin v Alabama*, 395 US 238, 243 [1969]), and the record affirmatively demonstrates the defendant's understanding and waiver of these rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (*see People v Harris*, 61 NY2d 9, 19-20 [1983]; *People v Sirico*, 135 AD3d 19, 22 [2015]; *cf. People v Tyrell*, 22 NY3d 359 [2013]).

The defendant's valid waiver of his right to appeal (*see People v Sanders*, 25 NY3d 337, 339, 341-342 [2015]; *People v Lopez*, 6 NY3d 248, 254, 257 [2006]) precludes review of his claim that

he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Rodriguez*, 144 AD3d 950 [2016]; *People v Upson*, 134 AD3d 1058 [2015]). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the claim is without merit (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant contends that the County Court erred in not affording him youthful offender status. A youth otherwise eligible to be classified as a youthful offender is ineligible for youthful offender treatment if he or she has previously been convicted of and sentenced on a felony (*see* CPL 720.10 [2] [b]). "This restriction, relating to the eligible youth determination, is applicable at the time of conviction" (*People v Cecil Z.*, 57 NY2d 899, 901 [1982]). Here, at the time the defendant pleaded guilty to attempted criminal possession of a weapon in the second degree, he had previously been convicted of and sentenced on a drug felony. Accordingly, the court properly determined that the defendant was not an "[e]ligible youth" and declined to grant him youthful offender status (CPL 720.10 [2] [b]).

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Seaberg*, 74 NY2d 1, 11 [1989]). Rivera, J.P., Austin, Roman, Hinds-Radix and Connolly, JJ., concur.