People v Tariq (2018 NY Slip Op 07803)





People v Tariq


2018 NY Slip Op 07803


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

110181

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WAHAJ TARIQ, Also Known as HODGEE, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered June 16, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of a nine-count indictment, defendant, who is not a United States citizen, pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. After defendant admitted to the second felony offender statement filed, County Court sentenced defendant as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of 4½ years followed by three years of postrelease supervision. Defendant appeals.
Defendant contends that, because he was not adequately informed of the deportation consequences of his plea, the plea was not voluntarily entered and he received the ineffective assistance of counsel. Defendant's contentions, however, are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, nor did he make any statement during the plea colloquy that would trigger the exception to the preservation requirement (see People v Thomas, 153 AD3d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]; People v Balbuena, 123 AD3d 1384, 1385 [2014]). In any event, were we to consider the claims, we would find that his contentions are belied by the record. The record reflects that County Court informed defendant of the likely deportation consequences resulting from his plea, and defendant acknowledged that he had sufficient opportunity to discuss the deportation consequences with his attorney and understood that entering the plea could result in his deportation (see People v Thomas, 153 AD3d at 1446). To the extent that defendant asserts that defense counsel did not adequately or properly advise him of the immigration consequences, such claim concerns matters not appearing on the face of the record and, as such, is more [*2]appropriately pursued by means of a CPL article 440 motion (see People v Balbuena, 123 AD3d at 1386).
Defendant also asserts that he was improperly sentenced as a second felony offender because the prior felony conviction set forth in the second felony offender statement was inaccurate. Any challenge to the accuracy of the statement filed pursuant to CPL 400.21 is waived due to defendant's failure to controvert the allegations at sentencing (see People v Johnson, 133 AD3d 1028, 1029 [2015]; People v Atkinson, 58 AD3d 943, 944 [2009]). In any event, were we to consider the issue, we would find it to be without merit. Defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender, was given notice of the prior felony conviction and admitted — and does not otherwise dispute — that he is, in fact, a second felony offender. As there was substantial compliance with CPL 400.21, we would find any inaccuracy in the prior felony statement with regard to the degree of the prior felony conviction reflected in the CPL 400.21 statement filed to be harmless error (see People v Atkinson, 58 AD3d at 944; People v Pierre, 8 AD3d 904, 906-907 [2004], lv denied 3 NY3d 710 [2004]; People v Mann, 258 AD2d 738, 739 [1999], lv denied 93 NY2d 900 [1999]).
Lynch, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.