People v Tariq (2018 NY Slip Op 07776)





People v Tariq


2018 NY Slip Op 07776


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108075

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WAHAJ TARIQ, Appellant.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered October 15, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant, who is not a United States citizen, was charged in an indictment with various drug-related crimes. The People extended a plea offer disposing of the indictment in exchange for defendant's plea of guilty to the crime of criminal possession of a controlled substance in the fifth degree. Under the terms of the proposed plea agreement, he would be sentenced to time served followed by five years of probation. During proceedings before County Court, defendant communicated his desire to accept the plea offer, and County Court proceeded to advise him of the rights that he was forfeiting by pleading guilty, including waiving his right to appeal. County Court then advised defendant that, because he was not a United States citizen, he would likely be deported and not permitted to return to the United States if he pleaded guilty. Defendant responded that he nevertheless wished to plead guilty, then executed a written appeal waiver and entered a guilty plea. He was thereafter sentenced in accordance with the terms of the plea agreement, and he now appeals.
Defendant contends that he was denied the effective assistance of counsel because counsel failed to advise him of the deportation consequences of his guilty plea, thus rendering his guilty plea involuntary. Preliminarily, we note that this claim survives defendant's unchallenged waiver of the right to appeal insofar as it implicates the voluntariness of his guilty plea (see People v Rebelo, 137 AD3d 1315, 1316 [2016], lv denied 28 NY3d 936 [2016], cert denied US , 137 S Ct 385 [2016]; People v Rupnarain, 123 AD3d 1372, 1373 [2014]). However, the claim has not been preserved for review as the record does not disclose that defendant made an appropriate postallocution motion, and we find that the exception to the preservation rule is inapplicable under the circumstances presented (see People v Peque, 22 NY3d 168, 182-183 [2013]; People v Thomas, 153 AD3d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]). In [*2]any event, the record discloses that County Court specifically advised defendant of the potential deportation consequences during the plea proceedings, and such consequences were clearly set forth in the written waiver of the right to appeal that was executed by defendant as part of his guilty plea (see e.g. People v Thomas, 153 AD3d at 1446; People v Balbuena, 123 AD3d 1384, 1386 [2014]). To the extent that counsel's alleged omissions are based upon facts outside the record, defendant's ineffective assistance of counsel claim is more properly the subject of a CPL article 440 motion (see People v Peque, 22 NY3d at 202-203; People v Thomas, 153 AD3d at 1447; People v Lewis, 143 AD3d 1183, 1185 [2016]). Inasmuch as the record reveals that defendant entered a knowing, voluntary and intelligent guilty plea, we find no reason to disturb the judgment of conviction.
Lynch, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.