People v Letohic (2018 NY Slip Op 07784)





People v Letohic


2018 NY Slip Op 07784


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108572

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAMES LETOHIC, Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Jack H. Weiner, New York City, for appellant.
James R. Farrell, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered January 20, 2016, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and burglary in the second degree.
Defendant pleaded guilty to robbery in the first degree and burglary in the second degree in full satisfaction of a six-count indictment and waived the right to appeal. County Court thereafter sentenced defendant to an aggregate prison term of 11½ years, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's challenge to the factual sufficiency of his plea allocution is precluded by his valid and unchallenged appeal waiver (see People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]; People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]). Defendant's claim of ineffective assistance of counsel — insofar as it implicates the voluntariness of his plea — survives his appeal waiver but is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see People v Duggins, 161 AD3d 1445, 1446 [2018], lv denied 32 NY3d 937 [2018]; People v Park, 159 AD3d 1132, 1134 [2018], lv denied 31 NY3d 1085 [2018]). Moreover, defendant did not make any statements during the plea colloquy that would trigger the narrow exception to the preservation rule (see People v Thomas, 153 AD3d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]; People v Lewis, 143 AD3d 1183, 1185 [2016]).
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.