People v Rogers (2019 NY Slip Op 02907)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rogers

2019 NY Slip Op 02907

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01535
(Ind. No. 10720/10)

[*1]The People of the State of New York, respondent,
vArtic Rogers, appellant.

Paul Skip Laisure, New York, NY (Nao Terai and Kendra L. Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Kaley Hanenkrat on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered November 21, 2016, convicting him of kidnapping in the second degree and sex trafficking (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who was represented by counsel, entered a plea of guilty to kidnapping in the second degree and two counts of sex trafficking.
The determination of a motion to withdraw a plea of guilty rests within the sound discretion of the Supreme Court, and that determination generally will not be disturbed absent an improvident exercise of discretion (see People v DeLeon, 40 AD3d 1008, 1008-1009). Here, the record demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Wiedmer, 71 AD3d 1067, 1067). Moreover, the Supreme Court provided the defendant the opportunity to discuss his pro se applications with the court prior to sentencing. In response, the defendant only asked the court to dismiss one of the charges to which he had entered a plea of guilty on the ground that it was "redundant." The court declined to do so, denied his pro se applications, and imposed sentence.
In evaluating the defendant's pro se applications to withdraw his plea, the Supreme Court afforded the defendant a "reasonable opportunity to present his contentions" and, thus, was able to make an informed determination (People v Tinsley, 35 NY2d 926, 927; see People v Mitchell, 21 NY3d 964, 967). The court providently exercised its discretion in denying the defendant's pro se applications to withdraw his plea of guilty.
Contrary to the defendant's contention, the record demonstrates that he also knowingly, voluntarily, and intelligently waived his right to appeal as part of his plea agreement (see People v Smith, 146 AD3d 904, 904-905).
The defendant's valid waiver of his right to appeal precludes appellate review of any contention that he was deprived of the effective assistance of counsel except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Dancy, 156 AD3d 717; People v Upson, 134 AD3d 1058). The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
Finally, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Sanders, 25 NY3d 337, 342; People v Ramos, 7 NY3d 737, 738).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court