People v Badmaxx (2019 NY Slip Op 08893)





People v Badmaxx


2019 NY Slip Op 08893


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

109960

[*1]The People of the State of New York, Respondent,
v
Suleiman Badmaxx, Appellant.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Craig Meyerson, Peru, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward, for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 22, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced, as a second felony offender, to a prison term of six years, followed by three years of postrelease supervision. Defendant appeals.
Regardless of the validity of defendant's appeal waiver, defendant's challenge to the voluntariness of his guilty plea, premised upon County Court's alleged failure to adequately advise him of the deportation consequences of his plea (see generally CPL 220.50 [7]), is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Carroll, 172 AD3d 1821, 1821 [2019], lv denied 34 NY3d 929 [2019]; People v Tariq, 166 AD3d 1211, 1211-1212 [2018], lv denied 32 NY3d 1178 [2019]; People v Thomas, 153 AD3d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]; People v Balbuena, 123 AD3d 1384, 1385 [2014]). Contrary to defendant's assertion, the exception to the preservation doctrine is not applicable as he knew about the possibility of deportation throughout the proceedings (see People v Peque, 22 NY3d 168, 183 [2013]) and did not make any statements during the plea colloquy or at sentencing that cast significant doubt upon his guilt or otherwise called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Mathayo, 155 AD3d 1090, 1091 [2017], lv denied 30 NY3d 1107 [2018]). Defendant's ineffective assistance of counsel claim, to the extent that it impacts the voluntariness of his plea, is similarly unpreserved (see People v Walker, 166 AD3d 1393, 1394 [2018]). To the extent that defendant's ineffective assistance of counsel claim involves matters outside the record, it is more properly the subject of a CPL article 440 motion (see People v Peque, 22 NY3d at 202-203; People v Tariq, 166 AD3d at 1212; People v Balbuena, 123 AD3d at 1386). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the judgment is affirmed.