People v Gotham (2022 NY Slip Op 00694)





People v Gotham


2022 NY Slip Op 00694


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

110839
[*1]The People of the State of New York, Respondent,
v
Jermaine Gotham, Appellant.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Donnial K. Hinds, Albany, for appellant, and appellant pro se.
Paul Czajka, District Attorney, Hudson (Krista Kline of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Columbia County (Koweek, J.), rendered May 7, 2018, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
Defendant was convicted in November 2016 upon his plea of guilty of the crimes of burglary in the first degree, robbery in the second degree, kidnapping in the second degree, burglary in the second degree (two counts) and attempted burglary in the second degree and was sentenced to a term of imprisonment (158 AD3d 1299 [2018], lv denied 31 NY3d 1014 [2018]). The sentencing court denied defendant's request for youthful offender treatment and, upon appeal, the Fourth Department declined to adjudicate defendant a youthful offender in the interest of justice (id. at 1300). In June 2017, defendant — then 17 years old — was indicted and charged with one count of promoting prison contraband in the first degree. The charge stemmed from defendant's possession of a metal razor blade. Defendant pleaded guilty to that crime with the understanding that he would be sentenced to a prison term of 2 to 4 years. The plea agreement also required defendant to waive his right to appeal. County Court summarily denied defendant's request for youthful offender treatment and sentenced defendant as a predicate felon to the contemplated term of imprisonment. This appeal ensued.
Preliminarily, we agree with defendant that his waiver of the right to appeal was invalid. Neither County Court's brief oral colloquy nor the two-sentence waiver provision embodied in the 10-page document that defendant executed at the time of his plea was sufficient to establish that "defendant understood the content or consequences of the appeal waiver" (People v Thomas, 153 AD3d 1445, 1446 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 1064 [2017]). As the court did not otherwise ascertain defendant's understanding of the ramifications of the appellate rights being waived or ensure that defendant had read and understood the written waiver that he executed (see People v Williams, 190 AD3d 1192, 1193 [2021]), we cannot conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal.
In light of the invalid appeal waiver, neither defendant's challenge to County Court's discretionary decision to deny youthful offender treatment (see People v Wilson, 165 AD3d 1323, 1324 [2018]) nor his related assertion that the sentence imposed was harsh and excessive is precluded (see People v Nelson, 196 AD3d 972, 972 [2021], lv denied 37 NY3d 1028 [2021]). With respect to defendant's request for youthful offender treatment, we note in passing that the record before us is somewhat sparse in terms of both the factors cited in support of defendant's request and County Court's ensuing analysis thereof. That said, as the record reflects that defendant was not eligible for youthful offender treatment in the first instance, his request in this regard [*2]was properly denied.
There is no dispute that defendant committed the underlying crime when he was 17 years old and, therefore, he qualified as a "youth" within the meaning of CPL 720.10 (1). However, "[a] youth otherwise eligible to be classified as a youthful offender is ineligible for youthful offender treatment if he or she has previously been convicted of and sentenced on a felony" (People v Dancy, 156 AD3d 717, 718 [2017], lv denied 30 NY3d 1114 [2018], citing CPL 720.10 [2] [b]; see People v Clarke, 144 AD3d 937, 937 [2016], lv denied 28 NY3d 1143 [2017]). "The [L]egislature [has] provided no exceptions to ineligibility for [such] offenders" (People v Middlebrooks, 25 NY3d 516, 524 [2015]). Accordingly, "a defendant . . . who has previously been convicted of a felony . . . is simply ineligible for youthful offender treatment" (id. at 524). "This restriction, relating to the eligible youth determination, is applicable at the time of conviction" (People v Dancy, 156 AD3d at 718 [internal quotation marks and citation omitted]; see People v Brooks, 160 AD3d 762, 764 [2018], lv denied 31 NY3d 1115 [2018]).
At the time that defendant pleaded guilty to promoting prison contraband in the first degree, he previously had been convicted of and was serving a term of imprisonment for multiple felonies. Accordingly, defendant was not eligible to be considered for youthful offender treatment in the first instance (see CPL 720.10 [2] [b]; People v Dancy, 156 AD3d at 718; People v Clarke, 144 AD3d at 937). With respect to defendant's claim that the sentence imposed was harsh and excessive, we find no extraordinary circumstances or abuse of discretion warranting a reduction thereof. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.