People v Sheldon (2023 NY Slip Op 03505)

People v Sheldon

2023 NY Slip Op 03505

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

111986 
[*1]The People of the State of New York, Respondent,
v
Morgan Sheldon, Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ. 

Alexander W. Bloomstein, Hillsdale, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered July 11, 2019, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In 2018, defendant waived indictment and agreed to be prosecuted under a superior court information (hereinafter SCI) charging him with, among other crimes, rape in the first degree. Defendant subsequently entered into a plea agreement whereby he pleaded guilty to attempted rape in the first degree and purported to waive his right to appeal with a sentencing commitment from County Court that he would be sentenced to no more than an eight-year prison term followed by 10 years of postrelease supervision. At sentencing, the People identified a potential defect in the SCI and then presented an amended SCI, which defendant agreed to be arraigned upon, to waive indictment and to plead guilty to under the same terms of the plea agreement. During the ensuing plea allocution, defendant denied that he attempted to engage in sexual intercourse with another person by forcible compulsion on two separate occasions, whereupon the court adjourned the matter for the issuance of a scheduling order. Upon being remanded without bail, and while exiting the courtroom, defendant uttered something to the victim, who was also present in the courtroom, in violation of an order of protection. Thereafter, and in full satisfaction of the amended SCI and any uncharged crimes arising out of defendant's alleged violation of the order of protection, defendant pleaded guilty to rape in the first degree, and purportedly waived his right to appeal, with a sentencing commitment from the court that he would receive a prison term between 12 and 15 years followed by 15 years of postrelease supervision. Consistent with the terms of the plea agreement and sentencing commitment from the court, defendant was sentenced to 15 years in prison to be followed by 15 years of postrelease supervision. Defendant appeals.
We affirm. The People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid (see People v Davis, 204 AD3d 1072, 1073 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]; People v Gotham, 202 AD3d 1157, 1157 [3d Dept 2022], lv denied 38 NY3d 950 [2022]). Further, inasmuch as the People and defendant made no joint sentencing recommendation, "defendant retained the right to appeal from his sentence, as the plea document provided that he had that right if his sentence was not jointly recommended" (People v Katsafaros, 145 AD3d 1343, 1343 [3d Dept 2016], lv denied 29 NY3d 949 [2017]). In view of the foregoing, defendant's challenge to the perceived severity of his sentence is not precluded (see People v Ford, 210 AD3d 1142, 1143 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]). That said, our review of the record does not reflect that the sentence "was unduly harsh or severe" (CPL 470.15 [6] [b]). Despite the serious nature of defendant's conduct[*2], defendant was afforded an advantageous plea agreement and sentence, which was well within the permissible range for a class B violent felony offense (see Penal Law §§ 70.02, 130.35; see People v Krzykowski, 293 AD2d 877, 880 [3d Dept 2002], lv denied 100 NY2d 643 [2003]), and County Court imposed a sentence entirely consistent with its sentencing commitment. Finally, defendant's claim regarding the effectiveness of counsel at sentencing has been considered and found to be without merit.
Garry, P.J., Egan Jr., Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.