People v Miller (2023 NY Slip Op 05635)

People v Miller

2023 NY Slip Op 05635

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

112827
[*1]The People of the State of New York, Respondent,
v
Shyquan Miller, Appellant.

Calendar Date:October 6, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ.

Shane A. Zoni, Public Defender, Hudson (Jessica D. Howser of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Appeal from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered December 11, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
Defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree stemming from the alleged sale of cocaine on two dates in December 2018. Defendant thereafter accepted a plea agreement pursuant to which he pleaded guilty to both counts of the indictment in exchange for a commitment by County Court to impose a prison sentence of five years to be followed by three years of postrelease supervision (hereinafter PRS) on each conviction, to be served concurrently. Under the terms of the plea agreement, which included a waiver of appeal, the People agreed to remain silent regarding sentencing. As part of the negotiated agreement, defendant also pleaded guilty to violating probation imposed upon his 2017 conviction for criminal possession of a weapon in the third degree, for which he was promised a concurrent prison term of 1&frac13; to 4 years. County Court thereafter imposed the agreed-upon sentence upon defendant, as a second felony drug offender. Defendant appeals.[FN1]
Initially, as the People concede and our review of the record confirms, defendant's waiver of appeal is not valid. Neither County Court's brief oral colloquy nor the written waiver of appeal apprised defendant that certain issues survive the waiver or establish that "defendant understood the content or consequences of the appeal waiver" (People v Gotham, 202 AD3d 1157, 1157 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 950 [2022]; see People v Davis, 204 AD3d 1072, 1073-1074 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]). Moreover, the written waiver, which we have previously found to be deficient (see People v Worley, 206 AD3d 1367, 1367 [3d Dept 2022]), was overly broad in stating that the conviction and sentence would be "final,"[FN2] improperly suggesting an absolute bar to a direct appeal (see People v Thomas, 34 NY3d 545, 558-559 [2019]; People v Worley, 206 AD3d at 1367; People v Davis, 204 AD3d at 1073).
Accordingly, defendant's challenge to the perceived severity of his sentences is not precluded (see People v Sheldon, 217 AD3d 1265, 1266 [3d Dept 2023], lv denied 40 NY3d 999 [2023]). However, we do not find that the sentences imposed by County Court were unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant, a second felony drug offender with a lengthy criminal history and repeated probation violations despite his age of 24 at the time of these crimes, faced potential consecutive 12-year sentences for the two cocaine sales on different days, followed by three years of PRS (see Penal Law §§ 70.25 [2]; 70.70 [1] [b]; [3] [b] [i]; 220.39 [1]). Upon review, we do not find that the negotiated concurrent sentences, which were ordered to be served concurrently [*2]with a sentence for violating probation and reflect a measure of leniency, to be followed by the maximum period of PRS, were "unduly harsh or severe" (CPL 470.15 [6] [b]).
Egan Jr., J.P., Lynch, Clark, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's notice of appeal is limited to his convictions and sentences with regard to the indicted charges, not the violation of probation.

Footnote 2: Likewise, the brief reference to a waiver of appeal imbedded in the 14-page guilty plea form — which, as we noted well before this plea, is disfavored (see People v Thomas, 153 AD3d 1445, 1446 [3d Dept 2017], lv denied 30 NY3d 1064 [2017]) — contained overly broad language incorrectly suggesting a bar to "any and all" decisions of County Court other than with regard to the negotiated sentence (see People v Davis, 204 AD3d at 1073).