People v Buchas (2024 NY Slip Op 02106)

People v Buchas

2024 NY Slip Op 02106

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

113103
[*1]The People of the State of New York, Respondent,
v
Todd A. Buchas, Appellant.

Calendar Date:March 22, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
Robert S. Rosborough IV, Special Prosecutor, Albany, for respondent.

Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered January 11, 2021, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of rape in the first degree, a class B violent felony. The charge stemmed from an incident wherein defendant engaged in sexual activity with an 11-year-old relative. Defendant was afforded an opportunity to plead guilty to the charged offense with the understanding that he would be sentenced to a prison term of 12 years, followed by a period of postrelease supervision ranging from 5 to 20 years — with the precise term left to County Court's discretion. The plea agreement, which required defendant to waive his right to appeal, was also in full satisfaction of additional pending charges. Defendant pleaded guilty in conformity with the agreement, and County Court sentenced defendant to the agreed-upon term of imprisonment, followed by 20 years of postrelease supervision. This appeal ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. The written waiver of appeal "purported to encompass all potential appellate issues, and County Court's brief colloquy was not sufficient to establish that defendant understood that some appellate issues survive[d]" (People v Elston, 217 AD3d 1274, 1274 [3d Dept 2023]; see People v Loya, 215 AD3d 1181, 1182 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Accordingly, defendant's challenge to the period of postrelease supervision imposed is not precluded (see People v Sheldon, 217 AD3d 1265, 1266 [3d Dept 2023], lv denied 40 NY3d 999 [2023]). Upon our review, we do not find such period to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Although County Court imposed the maximum period of postrelease supervision (see Penal Law § 70.45 [2-a] [c]), the record supports County Court's finding that defendant failed to fully accept responsibility for his crime and/or appreciate the lifelong ramifications of his actions upon the victim. During the course of his presentence interview, defendant, who was 41 years old at the time of the offense, characterized the victim as "super aggressive sexually" and "overly hormonal" and claimed that she made "several advances towards him." Defendant then rationalized his repeated sexual encounters with the victim by claiming "that she was going to get her way one way or another and if it wasn't [him], who else would she have gone to?" As the People aptly observe, defendant then "doubled down" at the time of sentencing, insisting that he "was protecting [the victim]" and that perhaps this incident "did do her some good because now she won't go out and screw up and try to do something stupid again." Under these circumstances, we discern no basis upon which to disturb the period of postrelease [*2]supervision imposed.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.