People v Reyes-Morales
2026 NY Slip Op 03201
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Milton Reyes-Morales, Appellant.

Decided and Entered:May 21, 2026
113043
Calendar Date: April 21, 2026
Before: Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers And Mackey, JJ.

Justin C. Brusgul, Altamont, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]
Garry, P.J.
Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered April 6, 2021, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to a reduced charge of attempted rape in the first degree, and the plea agreement required him to waive the right to appeal. County Court thereafter sentenced defendant to the agreed-upon sentence of six years in prison, to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Defendant's assertion that his plea was not knowing, intelligent and voluntary survives his unchallenged appeal waiver but is unpreserved for our review, as the record does not reflect that he moved to withdraw his plea or otherwise raise the issue before County Court (see People v Steinhoff, 244 AD3d 1587, 1587-1588 [3d Dept 2025], lv denied 45 NY3d 948 [2026]; People v Oliveira, 244 AD3d 1411, 1411-1412 [3d Dept 2025]). Contrary to defendant's contention, we are not persuaded that the narrow exception to the preservation rule was triggered here (see People v Newsome, 238 AD3d 1219, 1220 [3d Dept 2025]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]). Although defendant made a statement, through an interpreter, prior to the plea colloquy that could have been construed as negating an element of the crime of which defendant was convicted, following a discussion with defense counsel, defendant assured County Court that he wanted to accept the plea offer. The court then engaged in a detailed colloquy wherein it discussed the rights defendant was forfeiting by pleading guilty, including that the People prove every element of the crime beyond a reasonable doubt at trial and that he was waiving any potential defenses to the crime. Defendant then unequivocally pleaded guilty to attempted rape in the first degree without making any statements that cast doubt upon his guilt or the voluntariness of the plea so as to warrant further inquiry from the court (see People v Matthews, 228 AD3d 1129, 1129-1130 [3d Dept 2024], lv denied 42 NY3d 1021 [2024]; People v Head, 225 AD3d 1004, 1005 [3d Dept 2024], lv denied 41 NY3d 1018 [2024]).
Defendant's remaining contention — that he was denied the effective assistance of counsel due to counsel's failure to advise him of the deportation consequences of his guilty plea — also survives his appeal waiver but is similarly unpreserved for our review due to the lack of an appropriate postallocution motion, and the exception to the preservation rule was not triggered (see People v Tariq, 166 AD3d 1211, 1211-1212 [3d Dept 2018], lv denied 32 NY3d 1178 [2019]; People v Thomas, 153 AD3d 1445, 1446 [3d Dept 2017], lv denied 30 NY3d 1064 [2017]). In any event, the record reflects that County Court advised defendant of the potential immigration consequences resulting from the plea (see People v Tariq, 166 AD3d at 1212). Further, to the extent that counsel's [*2]alleged omissions implicate matters outside of the record, defendant's claim is more properly the subject of a CPL article 440 motion (see People v Austin, 243 AD3d 1068, 1070 [3d Dept 2025]; People v Townson, 235 AD3d 1046, 1048 [3d Dept 2025], lv denied 43 NY3d 1012 [2025]; People v Tariq, 166 AD3d at 1248).
Reynolds Fitzgerald, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.